UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YANILDA ANNETTE TORO,** **Plaintiff,** v. **UNITED STATES DEPARTMENT OF AGRICULTURE,** **Defendant.** | Civ. No. 21-03617 (KM) (ESK) **OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Yanilda Annette Toro, alleging injuries to herself and her daughters, has filed a complaint which, as amended, names only the U.S. Department of Agriculture ("USDA") as a defendant. The Court granted in forma pauperis ("IFP") status. For the reasons expressed below, Toro's complaint will be dismissed on initial screening. Even as supplemented by Toro's other submissions, the complaint does not state an intelligible claim and does not provide a basis for this Court's jurisdiction. The complaint is therefore dismissed without prejudice.

## I. Background[1]

Toro filed her first complaint against the USDA and other defendants on February 26, 2021. (DE 1). On March 3, 2021, the Court granted Toro's application to proceed IFP without payment of fees under 28 U.S.C. § 1915.

---

[1] For ease of reference, certain key items from the record will be abbreviated as follows:

| | | |
|---|---|---|
| "DE_" | = | Docket Entry in this Case |
| "Compl." | = | Complaint (DE 2) |
| "Am. Compl." | = | Amended Complaint (DE 15) |
| "Sec. Am. Compl." | = | Second Amended Complaint (DE 23) |

1

(DE 2). On June 28, 2021, Toro filed an amended complaint in which she listed the "Federal Department of Agriculture" as the sole defendant.[2] (DE 15). On July 27, 2021, Defendant USDA filed a motion to dismiss Toro's amended complaint for want of proper jurisdiction, Fed. R. Civ. P. 8(a)(1) and 12(b)(1), as well as lack of a short, plain statement of the claim and failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 8(a)(2) and 12(b)(6). (DE 19). On July 29, 2021, Toro submitted a letter that I construed as a motion for default and denied. (DE 20, 21). On August 9, 2021, Toro filed a second amended complaint, again listing the USDA as the sole defendant, and submitted another application to proceed IFP.[3] (DE 22, 23). On August 17, 2021, the USDA submitted a letter to the Court indicating that it did not consent to Toro's amendments to her complaint and reserved its right to assert "all appropriate defenses" to her second amended complaint. (DE 25). In letters received by the Court on September 7 and September 14, 2021, Toro reiterated that she sought a motion for default against USDA but did not explicitly respond to either USDA's motion to dismiss or letter dated August 17. (DE 26). In light of Toro's *pro se* status, I have accepted the second amended complaint, but I have also reviewed the factual allegations of the prior complaints. I construe all of Toro's letter submissions as her response to USDA's motion to dismiss her complaint or USDA's opposition to further amendment.

## II.     Standard of Review

Every case, of course, must fall within the court's subject matter jurisdiction, and the court must raise the jurisdictional issue *sua sponte* where appropriate. *See Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995); Fed. R. Civ. P. 12(h)(3).

---

[2]    The other defendants named in the original version of the complaint were never served.

[3]    That application is redundant, as Toro has already been granted IFP status.

In addition, because the Court has granted IFP status, I am obligated to screen the allegations of Toro's complaint to determine whether it:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). That screening provision applies to all individuals who are proceeding *in forma pauperis. See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)").

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. A complaint must contain "a short and plain statement" both "of the grounds for the court's jurisdiction" and of "the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). A plaintiff's obligation under Rule 8 thus requires "more than labels and conclusions" or a "blanket assertion[] of entitlement to relief"—a plaintiff must state a claim for relief that is "plausible on its face" and alleges facts that are sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 & n.3, 570; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231-32, 234 (3d Cir. 2008). This facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In making that assessment, a court accepts the facts alleged in the pleading as true and draws

all reasonable inferences in favor of the non-moving party. *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

The court will be more forgiving of complaints filed *pro se* and construe their allegations liberally. *Haines v. Kerner,* 404 U.S. 219 (1972). *Pro se* complaints are nonetheless bound to the "essential obligation" of facial plausibility. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019); *see also Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (noting that a pro se complaint is "construed liberally 'to raise the strongest arguments [it] suggest[s]," but must still "state a plausible claim for relief" (citations omitted)).

### III.    Discussion

Toro's complaints fail to properly allege subject matter jurisdiction and fail to articulate an intelligible claim entitling Toro to relief in federal court.

The focus of Toro's claims has shifted over the course of her filings, and their nature is at times difficult to discern, but many of her allegations seem to concern events surrounding her pregnancy approximately seventeen years ago. Toro maintains that in late 2004, while she was hospitalized, she gave birth to twin daughters by caesarean delivery but that medical personnel seriously injured her during the procedure and then only gave her one of her daughters, never letting her see the second. (Compl. at 3; Am. Compl. at 3-5). She claims that she subsequently lost custody of her first daughter after a doctor assaulted Toro and had her committed to a psychiatric facility.[4] (Am. Compl. at 1-2). Further, Toro also alleges that staff from either the hospital or psychiatric facility forced her to abort other pregnancies, (Compl. at 3; Am. Compl. at 2), and advised both her and her daughter to use medications that caused them hormonal problems, resulting in, *inter alia,* inappropriate behavior (Sec. Am. Compl. at 5-6). Toro states that she met her second, lost, daughter while psychiatrically institutionalized and now seeks custody of both daughters

---

[4]     Her address of record suggests that she currently resides in such a State psychiatric facility.

4

(Compl. at 3; Am. Compl. at 1, 3-4), along with monetary damages of $450 billion (Sec. Am. Compl. at 1, 6).

Toro indicates that the basis for subject matter jurisdiction is that a federal question has been presented and that the U.S. government is a defendant.[5] (Compl. at 2; Am. Compl. at 3; Sec. Am. Compl. at 1, 4). Of course, jurisdiction may be present *if* a federal question has been presented or *if* the federal government is appropriately sued and has waived immunity. I cannot conclude from this complaint that either of those conditions are met. In that respect, the jurisdictional inquiry tends to merge with the question of whether any cause of action has been stated against this defendant.

Toro's claims regarding alleged injuries to her and her daughters might be seen as ones for medical malpractice, personal injury, and child custody, which would be matters of state law. Even as to these, however, she fails to make specific factual allegations that would permit a response from the USDA.[6] (Compl. at 3-4, Am. Compl. at 1-5, Sec. Am. Compl. at 5-6, 14). The complaint fails to state a claim, to the point that it falls short of permitting the Court to conclude that it arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. *A fortiori* it fails the screening standard of 28 U.S.C. § 1915(e)(2)(B). Moreover, the complaint—whether viewed substantively or through the lens of standing doctrine—fails to connect any alleged injury to anything the USDA might have done or omitted to do. The facts alleged in Toro's complaints do not yield any reasonable inference that USDA, even assuming it could be sued in this court, is "liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

---

[5] Toro's initial complaint erroneously indicated that the basis for subject matter jurisdiction was that the U.S. government was a plaintiff, but this error was corrected in her subsequent amended complaints. (Compl. at 2; Am. Compl. at 3; Sec. Am. Compl. at 1, 4).

[6] Toro also categorized her suit inconsistently as a consumer credit claim, (Compl. at 13), civil rights claim (Am. Compl. at 7), and healthcare/pharmaceutical/personal injury/products liability claim (Sec. Am. Compl. at 1).

I conclude that Toro's assertion of jurisdiction is at best highly doubtful, that she has failed to present a facially plausible claim, and that she has failed to present a claim upon which this Court may grant relief. Thus, in accordance with 28 U.S.C. § 1915(e), I will dismiss Toro's complaint at the screening stage.

**IV.     Conclusion**

For the reasons stated above, the complaint is DISMISSED upon initial screening pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice. An appropriate order accompanies this opinion.

Dated: September 15, 2021

/s/ Kevin McNulty
_____
Kevin McNulty
United States District Judge