**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **YANILDA ANNETTE TORO,** | |
|       **Plaintiff,** | |
| v. | Civ. No. 21-03617 (KM) (ESK) |
| **UNITED STATES DEPARTMENT OF AGRICULTURE,** | **OPINION** |
|       **Defendant.** | |

**KEVIN MCNULTY, U.S.D.J.:**

      Yanilda Annette Toro has filed a complaint which, as amended, names the U.S. Department of Agriculture ("USDA") and Newark Beth Israel Medical Center ("NBIMC") as defendants.[1] The Court has granted *in forma pauperis* ("IFP") status. For the reasons expressed below, this, her third amended complaint, will be dismissed on initial screening, primarily because it fails to state a colorable basis for this Court's jurisdiction.

---

[1] The third amended complaint initially names the "United States Department of Agriculture (U.S.D.A.) at Beth Isreal [*sic*] Hospital" as the defendant in the caption, but later lists them as separate defendants. From the address given, the reference is clearly to Newark Beth Israel Hospital, now known as Newark Beth Israel Medical Center.

1

I. **Background**[2]

Toro filed her first complaint against the USDA and other defendants on February 26, 2021. (DE 1.)[3] On March 3, 2021, the Court granted Toro's application to proceed IFP without payment of fees under 28 U.S.C. § 1915. (DE 2.) On June 28, 2021, Toro filed her first amended complaint, in which she listed the "Federal Department of Agriculture" as the sole defendant.[4] (DE 15.) On July 27, 2021, Defendant USDA filed a motion to dismiss Toro's amended complaint for want of proper jurisdiction, Fed. R. Civ. P. 8(a)(1) and 12(b)(1), as well as lack of a short, plain statement of the claim and failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 8(a)(2) and 12(b)(6). (DE 19.) On July 29, 2021, Toro submitted a letter that I construed as a motion for default and denied, because USDA had not defaulted. (DE 20, 21.)

On August 9, 2021, Toro filed a second amended complaint, again listing the USDA as the sole defendant, and submitted another application to proceed IFP.[5] (DE 22, 23.) On August 17, 2021, the USDA submitted a letter to the

---

[2] For ease of reference, certain key items from the record will be abbreviated as follows:

| | | |
|---|---|---|
| "DE_" | = | Docket Entry in this Case |
| "Compl." | = | Complaint (DE 2) |
| "1AC" | = | First Amended Complaint (DE 15) |
| "2AC" | = | Second Amended Complaint (DE 23) |
| "3AC" | = | Third Amended Complaint (DE 33) |

[3] Confusingly, Ms. Toro simultaneously filed a "Notice of Appeal" to the U.S. Court of Appeals for the Third Circuit. (DE 4) I believe this to have been simply erroneous, as there had been no rulings in the case.

[4] The other defendants named in the original version of the complaint were never served.

The complaint is filed and signed by Ms. Toro, but it also purports to name Yanisa Diamond Quinones and Karen Espinosa as plaintiffs. Nothing in the complaint permits the court to conclude that Ms. Toro is empowered to sue on those parties' behalf.

[5] That application is redundant, as Toro has already been granted IFP status and has not been charged a filing fee.

Court indicating that it did not consent to Toro's amendments to her complaint but recognizing that its motion to dismiss might be mooted by the subsequent filing of a second amended complaint. (DE 25.) In light of Toro's *pro se* status, I accepted the second amended complaint for filing and construed letter submissions from Toro as her response to USDA's motion to dismiss her complaint and USDA's opposition to further amendment. (*See* DE 26, 27.)

By opinion and order dated September 15, 2021, I dismissed the second amended complaint on initial screening, pursuant to 28 U.S.C. § 1915(e). (DE 28, 29.) The order granted leave to amend within 30 days.

After this dismissal, I received two letter submissions from Toro, both of which largely restated the allegations underlying Toro's earlier complaints. (DE 30, 31.) The first letter reiterated Toro's request for a default judgment against the USDA, while the second requested that the case remain open and that she be appointed a pro bono attorney. Then, on September 23, 2021, Toro filed a motion for pro bono counsel under 28 U.S.C. § 1915(e)(1). (DE 32.)

Finally, on October 7, 2021, Ms. Toro filed her third amended complaint. (DE 33.) That complaint is the subject of this Opinion and Order.

## II.     Standard of Review

To be heard in federal district court, a case must fall within the court's subject matter jurisdiction; indeed, the court must raise the jurisdictional issue *sua sponte* where appropriate. *See Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995); Fed. R. Civ. P. 12(h)(3).

In addition, because the Court has granted IFP status, I am obligated to screen the allegations of Toro's complaint to determine whether it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). That screening provision applies to the complaints of all individuals who are proceeding *in forma pauperis. See, e.g., Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 114 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)").

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must contain "a short and plain statement" both "of the grounds for the court's jurisdiction" and of "the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a).

The court will be more forgiving of complaints filed *pro se* and will construe their allegations liberally. *Haines v. Kerner*, 404 U.S. 219 (1972). *Pro se* complaints are nonetheless bound to the "essential obligation" of facial plausibility. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019); *see also Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (noting that a pro se complaint is "construed liberally 'to raise the strongest arguments [it] suggest[s]," but must still "state a plausible claim for relief" (citations omitted)).

### III. Screening: Discussion

Toro's third amended complaint suffers from substantially the same flaws as her prior complaints: It fails to properly allege subject matter jurisdiction and, relatedly, fails to articulate an intelligible claim that would entitle her to relief in federal court.[6]

The focus of Ms. Toro's allegations seems to be her pregnancy and the birth of two daughters some 17 years ago, followed by her hospitalization. Toro

---

[6] Ms. Toro has filed a total of 25 separate actions in this Court. None have proceeded past the preliminary stages. These cases have resulted in seven decisions reported on Westlaw, including two decisions of the U.S. Court of Appeals for the Third Circuit. The lists of defendants in those actions overlap with those named here, however, and the claims appear to overlap to some extent as well. In this screening, however, I do not reach any potential affirmative defense of *res judicata.*

maintains that in late 2004 she gave birth to twin daughters by caesarean delivery, but that medical personnel seriously injured her during the procedure and then only gave her one of her daughters, never letting her see the second. (Compl. at 3; 1AC at 3-5; 3AC at 2-3.) Ms. Toro claims that she subsequently lost custody of her first daughter after a doctor assaulted Toro. (1AC at 1-2; 3AC at 3.) Thereafter, she was placed in one or more psychiatric facilities.[7] Further, Toro also alleges that staff from either the hospital or psychiatric facility forced her to abort other pregnancies, mistreated or abused her, and advised both her and her daughter to use medications that caused them hormonal problems, resulting in, *inter alia,* inappropriate behavior. (Comp. at 3, 1AC at 2, 2AC at 5-6; 3AC at 3-4.) Toro states that, while institutionalized, she met someone named "Karen," whom she believes to be her lost second daughter.[8] (Compl. at 3; 1AC at 1, 3-4; 3AC at 3.) She seeks, *inter alia,* monetary damages in excess of $900 trillion, as well as revocation of unnamed doctors' medical licenses and replacement of her primary care physician. (3AC at 4.)

**Claims against USDA**

As regards the USDA, Ms. Toro's claims have not substantially changed since I dismissed her second amended complaint. Toro indicates that the basis for subject matter jurisdiction is that a federal question has been presented and that the U.S. government is properly named as a defendant. (Compl. at 2; 1AC at 3; 2AC at 1, 4; 3AC at 2, 3.) Neither of those grounds is supported by anything in Toro's third amended complaint. In that respect, the jurisdictional inquiry tends to merge with the question of whether any cause of action has been stated against this defendant. By that, I mean that the third amended

---

[7] Ms. Toro's address of record suggests that she currently resides at Greystone Park Psychiatric Hospital in Morris Plains, New Jersey. (*See* Notice of Change of Address (DE 6).) Statements in prior cases suggest that she may previously have resided at one or more other institutions.

[8] This may or may not be the person whom Ms. Toro names as a co-plaintiff.

complaint does not appear to allege factually that the USDA has done anything at all.[9] And, whether viewed jurisdictionally or substantively, the complaint also fails to suggest standing, because it does not connect any alleged injury to anything the USDA might have done or omitted to do. The facts alleged in Ms. Toro's complaints do not permit any reasonable inference that USDA, an agency of the U.S. government, is or conceivably could be liable on these facts.[10]

### Newark Beth Israel Medical Center

The addition of NBIMC may have been intended to connect Toro's medically-related claims to a named defendant. But although NBIMC is now named in the caption, the factual allegations of the complaint do not so much as mention NBIMC (although the implication may be that it is the hospital where Ms. Toro gave birth seventeen years ago).

Diversity jurisdiction is not alleged. *See* 28 U.S.C. § 1332(a) (requiring complete diversity of state citizenship between plaintiffs and defendants, and an amount in controversy exceeding $75,000). The allegations of the complaint potentially applicable to a hospital defendant would seem to implicate medical malpractice, personal injury, and perhaps child custody, all matters of state law. (Compl. at 3-4; 1AC at 1-5; 2AC at 5-6; 14; 3AC 3-4.) Both the plaintiff and NBIMC, however, appear to be citizens of New Jersey.

The third amended complaint also fails to state any facts that would permit the Court to conclude that there is a cause of action against NBIMC that arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. For example, no federal-law claim under 42 U.S.C. § 1983 is

---

[9] *See generally CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008), as amended (Sept. 29, 2008) (merits deficiency may rise to level of jurisdictional deficiency where "claim is wholly insubstantial and frivolous.") (citing *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S. Ct. 773 (1946)).

[10] Other objections could be posited. The USDA does not raise any challenge to the bringing of this action in this court, as opposed to the U.S. Court of Federal Claims, nor does it hypothesize and debunk any statutory basis for a cause of action. I do not reach those issues.

suggested, because NBIMC is not alleged to be, and apparently is not, a State institution.[11]

In short, I find that the Court lacks subject matter jurisdiction over the third amended complaint. I dismiss it pursuant to 28 U.S.C. § 1915(e) and the Court's inherent obligation to examine its own jurisdiction.[12]

### IV. Pro bono counsel

As noted above, Ms. Toro has moved for the appointment of pro bono counsel. The "threshold" issue is whether the plaintiff's case has "some arguable merit in fact or law." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)); *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).[13] This case fails the threshold "arguable merit" test. I have now twice dismissed it on initial screening without

---

[11] According to its website, NBIMC is a private hospital, currently part of the RWJ Barnabas system. https://www.rwjbh.org/newark-beth-israel-medical-center/about/.

[12] Assuming *arguendo* that 28 U.S.C. § 1915(e) grants the Court some additional discretion to look ahead at the merits, the prior discussion may also be interpreted as a finding that the complaint does not state a claim against either the FDA or NBIMC that is facially plausible as a matter of fact and law. The factual allegations of the complaint do not specify what either defendant is alleged to have done. And even on the liberal assumption that NBIMC is the hospital where Ms. Toro gave birth seventeen years ago, the jurisdictional barrier remains, not to speak of the statute of limitations.

[13] "If the district court determines that the plaintiff's claim has some merit, then the district court should consider the [*Tabron*] factors." *Parham,* 126 F.3d at 157. Those factors are:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* at 457–58, citing *Tabron,* 6 F.3d at 155–56, 157 n. 5.

requiring a motion by a defendant. Indeed, I have dismissed the action because there is no indication that the Court possesses subject matter jurisdiction. Under those circumstances, appointment of counsel becomes a moot issue, because there is no federal case for counsel to litigate.

## V.     Conclusion

For the reasons stated above, the complaint is DISMISSED upon initial screening pursuant to 28 U.S.C. § 1915(e). Appointment of counsel is denied. The dismissal, being jurisdictional, is without prejudice to any case or claim over which this Court may possess jurisdiction.

Dated: October 29, 2021

/s/ Kevin McNulty

_____
Kevin McNulty
United States District Judge